IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DAYLON ESAW, § | |
|     Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:14-CV-4200-N-BK |
| § | |
| JPMORGAN CHASE BANK, N.A., § | |
|     Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3*, this case has been referred to the undersigned for pretrial management. Plaintiff, proceeding without the assistance of counsel, originally filed this action in state court in November 2014, seeking to quiet title and alleging violations of the Texas Finance Code, breach of contract, violations of the Real Estate Settlement Procedures Act, and violations of the Texas Property Code. Doc. 1-1 at 7-12. He also sought a declaratory judgment that Defendant JPMorgan Chase Bank N.A. did not have the legal right to declare default under any note and the foreclosure sale was invalid. Doc. 1-1 at 7-12. Defendant subsequently removed the action to this Court. Doc. 1.

On December 12, 2014, Defendant filed its *Motion to Dismiss*. Doc. 5. Although presumably opposed to the relief sought, Plaintiff did not file his response until ordered by the Court to do so. Doc. 8; Doc. 9. Because Defendant's motion to dismiss raised the specter that Plaintiff lacked standing to contest the foreclosure of the property, and Plaintiff wholly failed to address that issue in his response, on April 17, 2015, the Court issued a questionnaire generally inquiring about Plaintiff's connection to the property at issue in this foreclosure suit. Doc. 11. Plaintiff was ordered to respond to the questionnaire by May 1, 2015, but failed to do so. Consequently, Plaintiff was ordered to appear for a hearing on May 18, 2015, and show cause as

to why his case should not be dismissed for want of prosecution. Doc. 13. Plaintiff failed to appear, Doc. 14 (minute entry), and since then, has not contacted the Court or filed any pleadings.

Federal Rule of Civil Procedure 41(b) permits a court to dismiss an action *sua sponte* for failure to prosecute or follow court orders. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Plaintiff has exhibited a pattern of failing to prosecute and respond to Court orders in that he: (1) only responded to Defendants' motion to dismiss this case after being ordered to do so, and even then, not completely; (2) failed to respond to the Court's follow-up questionnaire; and (3) failed to appear at a scheduled hearing as ordered. Thus, this action is subject to dismissal without prejudice.

Nevertheless, a dismissal without prejudice has the same effect as a dismissal with prejudice if the statute of limitations might prevent a party from refiling his case. *Boazman v. Econ. Lab., Inc*., 537 F.2d 210, 213 (5th Cir. 1976). Here, Plaintiff's claims presumably begin to accrue with the foreclosure of the property at issue, or attempt thereof, which was scheduled for November 4, 2014. Doc. 1-1 at 11. The only other ostensibly relevant date is September 25, 2014, the date upon which Plaintiff avers he received notice of foreclosure, Doc. 1-1 at 7. Both occurrences were less than one year ago, and none of Plaintiff's claims have a limitation period of less than one year. *See, e.g.*, 12 U.S.C. § 2614 (one- to three-year period for RESPA violations); Tex. Civ. Prac. & Rem. Code § 16.002 (general statute of limitations is two years); *Poag v. Flories*, 317 S.W.3d 820, 825 (Tex. App.—Fort Worth 2010) (four-year period for quiet

2

title where deed is voidable).  Thus, it does not appear that dismissal will have the effect of preventing Plaintiff from reasserting his claims.

Accordingly, it is recommended that this case be dismissed without prejudice for want of prosecution.

**SO RECOMMENDED** on May 22, 2015.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* [28 U.S.C. § 636(b)(1)](#); [Fed. R. Civ. P. 72(b)](#).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See* [*Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996)](#).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE